ANTHONY MERCANTE, Respondent, v. HYGRADE FOOD PRODUCTS CORPORATION, Appellant.— Action to recover damages for personal injuries sustained by plaintiff as a result of falling from a scaffold while painting the outside wall of defendant's premises. Judgment reversed on the law and a new trial granted, with costs to appellant to abide the event. Lazansky, P. J., Hagarty and Close, JJ., concur with the following memorandum: The absence of an allegation in the complaint that defendant had not provided workmen's compensation, the testimony that one Downes and plaintiff were partners, the court's charge to the same effect without objection, and the attitude of the plaintiff on the trial and in his brief indicate that plaintiff's case was intended to be presented on the theory that plaintiff and Downes were independent contractors. At no time during the trial did plaintiff claim that the provision of Exhibit A relieving defendant from responsibility was contrary to public policy. It is not so claimed on this appeal. The court charged the jury, plaintiff consenting, that, if Exhibit A was a part of the agreement with defendant under which plaintiff was working at the time of the accident, their verdict must be for the defendant. This meant that Exhibit A, if a part of the agreement, was valid. Since it is conceded that it was delivered, and no question of want of consideration, fraud or duress was submitted to the jury, the charge was, in effect, a direction of a verdict for defendant. Therefore, the verdict was contrary to law. Although the court made no reference to fraud in the charge, respondent seeks to justify the verdict on the ground that Exhibit A was obtained by fraud. In view of the charge just referred to, defendant was entitled to have the jury charged as requested at folios 1755–1756. Although defendant does not refer to it in its brief, the refusal to charge toward the end of folio 1745 was error. If on a new trial it is disclosed that the contract between the parties was fully made at any time before plaintiff went to work and that the provision of Exhibit A relieving defendant from responsibility was not a part of their deal, then Exhibit A would not be binding because of want of consideration therefor. Carswell and Adell, JJ., dissent and vote to affirm, with the following memorandum: The defendant had a more favorable submission to the jury than it was entitled to receive. Under the circumstances disclosed on the trial, the

provisions in Exhibit A to absolve defendant from responsibility for its negligence are inoperative as (a) there was no consideration for Exhibit A because the agreement for the performance of the work had been made and acted upon without any such exculpating provision in it; (b) it now appears that the plaintiff was only a nominal rather than an actual independent contractor, and the agreement to absolve the defendant from responsibility for its own negligence is against public policy, and void.